UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN D. SPENCER,

        Plaintiff,

Case No. 11-10485

Honorable John Corbett O'Meara

v.

DAVID J. STORK, *et. al.*,

        Defendants.

_____/

**OPINION AND ORDER DENYING
PLAINTIFF'S APRIL 25, 2011 MOTION TO AMEND COMPLAINT AND
GRANTING DEFENDANTS' MARCH 22, 2011 MOTION TO DISMISS OR
FOR SUMMARY JUDGMENT**

This matter came before the court on Defendants' March 22, 2011 Motion to Dismiss or for Summary Judgment and plaintiff John D. Spencer's April 25, 2011 Motion for Leave to File an Amended Complaint. The issues have been fully briefed, and no oral argument was heard. LR 7.1(f)(2) (E.D. Mich. March 1, 2010).

**BACKGROUND FACTS**

Defendant David J. Stork is the president of defendant Stork Technologies and defendant Source 1. In 2002, Stork and plaintiff Spencer entered into an oral agreement that Plaintiff would receive commissions on sales he consummated on behalf of Stork and his companies. It is undisputed that no written agreement existed between the parties. Plaintiff claims that pursuant to their oral agreement and with consideration for Plaintiff's continued work for Source 1, Plaintiff is entitled to receive the following: ten percent commission on gross sales of AMERIFORM products, twenty percent of the gross proceeds from any future sale of the Source 1 companies, and twenty percent of the gross proceeds from any future sale of Defendants' patented products or patents.

In 2008, a criminal complaint was filed against Plaintiff, charging him with possession and distribution of child pornography. In February 2010, he pleaded guilty to receipt of child pornography and was subsequently sentenced to five years in federal prison. In a letter dated August 10, 2010, Stork terminated Plaintiff from his independent sales representative position.

Plaintiff Spencer filed a four-count complaint in this case February 7, 2011, alleging the following causes of action: Count I, breach of contract; Count II, fraud; Count III, breach of good faith and fair dealing; and Count IV, breach of fiduciary duty. In his April 25, 2011 motion to amend his complaint, Plaintiff removed Counts III and IV and replaced them with two new counts for "anticipatory breach of contract" and conversion.

## **LAW AND ANALYSIS**

Michigan's statute of frauds provides, "an agreement, contract, or promise is void unless that agreement, contract, or promise, or a note or memorandum of the agreement, contract, or promise is in writing and signed with an authorized signature by the party to be charged with the agreement, contract, or promise." Mich. Comp. Laws Ann. § 566.132. "A contract, including an employment contract, that is not capable of being performed within one year is within the statute." Marrero v. McDonnell Douglas Capital Corp., 200 Mich. App. 438, 441 (1993).

In this case, one could not reasonably expect, nor does Plaintiff allege, that the sale of the defendant business could be consummated within one year. In fact, Plaintiff worked as a sales representative for eight years before he left to serve his term of imprisonment. The oral agreement between the parties falls squarely within the statute of frauds and presents the situation the statute was designed to prevent. The failure to reduce the oral contract to writing is fatal to Plaintiff's claim.

Also under Michigan law, legal consideration is an essential element of a contract claim. Consideration is "the thing bargained for and given and exchange for a promise." Schram v. Dederick, 42 F. Supp. 525, 527 (E.D. Mich. 1941). The "failure of consideration provides a legal excuse for non-performance of a contract." Staszak v. Romanik, 690 F.2d 578, 584 (6th Cir. 1982). In this case Plaintiff's continued service to Defendants may have provided the consideration necessary for a contract between the parties. However, Plaintiff is now unable to provide services to Defendants for at least five years. His failure to perform constitutes failure of consideration.

Moreover, even if Plaintiff's breach of contract claim were not barred by the statute of frauds or rendered unenforceable for lack of consideration, the claim fails due to Plaintiff's first substantial breach. "He who commits the first substantial breach of a contract cannot maintain an action against the other contracting party for failure to perform." Chrysler Int'l Corp. v. Cherokee Export Co., 134 F.3d 738, 742 (6th Cir. 1998) (quoting Ehlinger v. Bodi Lake Lumber Co., 324 Mich. 77 (1949)). In this case Plaintiff's incarceration rendered him unable to perform sales work for Defendants; therefore, he made the first substantial breach of the alleged agreement and cannot maintain an action for breach of contract.

In Count II of the complaint, Plaintiff states that he "firmly believes that the Defendant intended to defraud him by inducing him to work for over eight (8) years with the understanding that the Plaintiff would bear the full fruits of their long standing contractual agreement when either the businesses and/or the patents were sold." However, "an action for fraudulent misrepresentation must be predicated upon a statement relating to a past or an existing fact. Future promises are contractual and do not constitute fraud." Hi-Way Motor Co. v. International Harvester Co., 398 Mich. 330, 336 (1976). "A mere broken promise does not constitute fraud, nor is it evidence of fraud." Marrero,

3

220 Mich. App. at 444. In this case plaintiff Spencer explicitly claims that he was promised a percentage *when* the businesses or patents were sold. Therefore, he has failed to state a claim for fraud; and Count II must be dismissed.

As stated earlier, Plaintiff has conceded, both in his response to Defendants' motion and in his proposed amended complaint, that he cannot prevail on his claim for breach of faith and fair dealing nor his claim of breach of fiduciary duty. In moving for leave to amend, Plaintiff provided a proposed amended complaint in which he added a claim for anticipatory breach of contract and a claim for conversion.

Filing an amended complaint is futile when it is plain that the claims "lack[] any substantial merit." Marx v. Centran Corp., 747 F.2d 1536, 1550 (6th Cir. 1984). "Where the proposed claim could not withstand a motion to dismiss or a motion for summary judgment, amendment should not be permitted." Herendeen v. Michigan State Police, 39 F. Supp. 2d 899, 910-11 (W.D. Mich. 1999).

In Michigan, "[t]he doctrine of repudiation or anticipatory breach provides that where, prior to the time for performance, a party to a contract unequivocally declares his intention not to perform, the other party has the option of either suing immediately for the breach or waiting until the time of the performance." Convergent Group Corp. v. County of Kent, 266 F. Supp. 2d 647, 655 (W.D. Mich. 2003). In determining if such a breach occurred, it is "the party's intention manifested by acts and words that is controlling, and not any secret intention that may be held." Paul v. Bogle, 193 Mich. App. 479, 493 (1992).

In his claim for anticipatory breach, Plaintiff alleges that Stork "knew all along that he was not going to honor the terms" of the "long standing oral contractual agreement." Proposed am. compl. at ¶ 53. Plaintiff's belief, without evidence of manifestation of Stork's intent, is insufficient

to constitute a claim for anticipatory breach under Michigan law. Furthermore, termination of the agreement occurred *after* Plaintiff's first substantial breach, his incarceration, which prevented *him* from performing. Thus, amendment of the complaint to add a claim for anticipatory breach would be futile.

Finally, as for Plaintiff's proposed cause of action for conversion, the Michigan Supreme Court has held that the threshold inquiry in determining whether a plaintiff has alleged a valid claim is "whether the plaintiff alleges a violation of a legal duty separate and distinct from the contractual obligation." Rinaldo's Const. Corp. v. Michigan Bell Tel. Co., 454 Mich. 65, 84 (1997). In this case, plaintiff Spencer alleges in his proposed amended complaint that Defendants' purported "fail[ure] to abide by the terms of the long standing contractual agreement . . . amounts to conversion." Proposed am. compl. at ¶ 63. Therefore, Plaintiff's claim for conversion would not survive a motion to dismiss and would be futile.

## ORDER

It is hereby **ORDERED** that plaintiff Spencer's April 25, 2011 motion for leave to file an amended complaint is **DENIED.**

It is further **ORDERED** that Defendants' March 22, 2011 motion to dismiss or for summary judgment is **GRANTED.**

It is further **ORDERED** that all other pending motions in this case are rendered **MOOT**.

s/John Corbett O'Meara
United States District Judge

Date:  March 27, 2012

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 27, 2012, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager